THE STATE, Respondent, v. SLATE, Appellant.

1. A person may, since the act of March 12, 1849, (Sess. Acts, 1849, p. 54,) be indicted for selling intoxicating liquors, as a dram-shop keeper, without a license, in any quantity less than ten gallons.

*Appeal from Jefferson Circuit Court.*

*Pipkin*, for appellant.

I. The court erred in admitting the testimony of Sweeny ; (State v. Weiss, 21 Mo. 493 ;) also in giving instructions 1 and 2 for the State, and in refusing defendant's instructions. The indictment should have been brought against Slade for violating the law as a grocer. Being indicted as a dram-shop keeper, and the proof showing no violation of that law, defendant should have been acquitted. This verdict will be no bar to an indictment for violating the law as a grocer.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for selling intoxicating liquors—whisky and brandy—as a dram-shop keeper, in a quantity less than ten gallons, to-wit, one glass and one pint of each, and permitting the same to be drank at the place of sale, without license.

There was a trial, and the defendant was found guilty. He moved for a new trial, which being overruled, he excepted, and brings the case here by appeal. The bill of exceptions shows the following evidence given in the case. Jacob Sweeny testified " that within one year prior to the 25th day of November, 1855, defendant sold to him whisky in quantities not less than one quart, and permitted the same to be drank at the place of sale in Jefferson county, Missouri ; that he bought not less than a quart at any time, and paid therefor fifteen cents ; and that said defendant did not sell in any less quantity than one quart." The defendant objected to this evidence, and saved his exception. This was all the evidence in the case. The de-

fendant asked the three following instructions, which the court refused to give : " 1. If the jury believe from the evidence that defendant did not sell in quantities less than one quart, they will acquit. 2. Though the jury may believe that defendant sold by the quart, and permitted the liquor to be drank at the place of sale, they will acquit under this indictment. 3. To entitle the State to a verdict against the defendant, she must prove that defendant sold intoxicating liquor in less quantity than one quart."

The act of 1845 defines the dram-shop keeper to be a person " permitted by law, being licensed according to the provisions of the act, to sell intoxicating liquors in any quantity less than a quart." He is allowed to suffer the liquors sold to be drank at the place of sale. The grocer can not sell less than a quart, and he can not permit the liquor sold to be drank at the place of sale. The act of 1849 permitted the dram-shop keeper to sell any quantity not exceeding ten gallons, and repealed so much of the act of 1845 as was repugnant thereto. Now here the defendant sold one quart, and never less than a quart. He took the separating quantity of the act of 1845 between the grocer and dram-shop keeper. But he forgot the act of 1849 ; that made him a dram-shop keeper if he sold under ten gallons and suffered it to be drank at the place of sale, as he could do under the act of 1845. So his instructions are clearly not the law. The court told the jury that " the selling of intoxicating liquors in a quantity less than one quart, or the selling of any greater quantity, to-wit, by the gallon, and permitting the same to be drank at the place of sale, is a selling as a dram-shop keeper under the law. 2. Therefore if they find from the evidence that defendant sold intoxicating liquor within one year before last November (the term when the indictment was found) in any quantity and permitted the purchasers to drink it at his counter, he is guilty as charged, although the quantity sold may not have been less than one quart." From the evidence, the jury were bound to find the defendant guilty. He sold a quart— a quantity under ten gallons ; he permitted it to be drank at

his place of sale. He showed no license authorizing it. It is not like the State v. Weiss. We thought in that case the pleader intended the indictment to be against Weiss as a grocer, and the proof was against him as a dram-shop keeper—a variance between the charge and proof. But here the indictment is against the defendant as a dram-shop keeper without license, and the proof sustains the charge. Let the judgment be affirmed; Judge Scott concurring.